UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAMAR LANCE HAMILTON,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 08cv05183 DWF/JJK

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2006, a Minnesota state court jury found Petitioner guilty of third degree criminal sexual conduct. He was sentenced to 88 months in prison, and he is presently serving his sentence at Prairie Correctional Facility in Appleton, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal with the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

1

Minnesota Court of Appeals. In that appeal, Petitioner contended that "the district court erred by (1) refusing to grant his motion to dismiss on the basis of his Sixth Amendment right to a speedy trial; (2) admitting DNA testimony; (3) striking a juror for cause; and (4) answering a question from the jury when [Petitioner] was absent from the courtroom." State v. Hamilton, No. A07-174 (Minn.App. 2008), 2008 WL 2168019, (unpublished opinion), at *1. The State Court of Appeals rejected all of Petitioner's claims on the merits, and affirmed his conviction and sentence. Id. The Minnesota Supreme Court denied Petitioner's subsequent request for further review. Id.

Petitioner's current federal habeas corpus petition raises several claims for relief. Some of Petitioner's habeas corpus claims were raised in his state court appeal, but some of his claims are being raised for the first time here. The Court finds that none of Petitioner's current habeas corpus claims can be addressed on the merits at this time, because he has not exhausted his available state court remedies for all of his claims.

**II. DISCUSSION**

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19;

Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, it is readily apparent that some of Petitioner's federal habeas corpus claims have never been fairly presented to, or addressed by, the Minnesota state courts. Most notably, the claim identified as "Ground Three," an ineffective assistance of appellate counsel claim, has never been presented to any Minnesota state court. In addition, the claim identified as "Ground Four," which refers to certain evidence that purportedly was not available to Petitioner at the time of his trial, apparently has not been presented to the state courts.[2]

---

[2] It is unclear whether the claim identified as "Ground One" has been fully exhausted. That claim refers to Petitioner's right to a speedy trial, which is an issue that was considered on his direct appeal. However, the claim also refers to evidence not available at trial, and errors allegedly made by trial counsel, and it appears that these issues were not raised on direct appeal. If Petitioner is raising new arguments in Ground One, which were not raised in his direct appeal, then those new arguments also are unexhausted.

Because Petitioner has not fairly presented <u>all</u> of his current claims for relief to the state courts, he has not satisfied the exhaustion of state court remedies requirement. Furthermore, there is a state court remedy that <u>might</u> still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01. It is possible that Petitioner might be procedurally barred under state law from raising some of his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been previously raised on direct appeal. <u>See</u> <u>McCall</u>, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing <u>State v. Knaffla</u>, 243 N.W.2d 737, 741 (Minn. 1976); <u>Roby v. State</u>, 531 N.W.2d 482, 484 (Minn. 1995). However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide whether or not Petitioner's unexhausted claims can still be heard and decided on the merits in state court.[3]

---

[3] If any of Petitioner's presently unexhausted claims are rejected because of a state procedural rule, those claims will be procedurally defaulted, and they will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). <u>See</u> <u>also</u> <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

Because Petitioner has filed a petition that includes at least some unexhausted claims, the Court must recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed <u>without prejudice</u>, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[4] Petitioner may return to federal court, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided <u>all</u> of the claims that he seeks to present in federal court. <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993).

Finally, the Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. <u>Jackson v. Domire</u>, 180 F.3d 919, 920 (8th Cir. 1999) (<u>per curiam</u>); <u>Victor v. Hopkins</u>, 90 F.3d 276, 282 (8th Cir. 1996), <u>cert</u>. <u>denied</u>, 519 U.S. 1153 (1997); <u>Doty v. Lund</u>, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999). If Petitioner intends to exercise that option here, he should file an amended petition that

---

[4] If Petitioner pursues this option, he should be mindful of several matters that could affect his future eligibility for federal habeas corpus relief. First, he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review in the state courts, including a petition for further review in the State Supreme Court. <u>O'Sullivan</u>, 526 U.S. at 845. Second, federal habeas corpus review is available only for claims that were previously raised in the state courts <u>as federal constitutional claims</u>. <u>Duncan</u>, 513 U.S. at 365-66. Third, if Petitioner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). It appears that the statute of limitations has not yet expired in this case, and the statute will be tolled (pursuant to 28 U.S.C. § 2244(d)(2)) while any post-conviction proceedings are pending in the state courts. However, Petitioner could face a statute of limitations problem in the future, if he does not diligently pursue state post-conviction relief.

includes <u>only fully exhausted claims</u>,[5] and he should do so <u>before the deadline for filing objections</u> to this Report and Recommendation.  If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice.  Petitioner should note that if he does file an amended petition that includes only his fully exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition.  See 28 U.S.C. § 2244(b)(2).

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims.

Dated: September 17, 2008

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 29, 2008, a writing which specifically identifies those portions of this Report to which objections are made

---

[5] If Petitioner elects to amend, he should clearly identify each individual ground for relief that he is attempting to raise; and it should be readily apparent, on the face of the amended petition, that he has exhausted his state court remedies for each one of the claims presented in the amended petition.

and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.